■ In the Matter of HANNAH GLAZER, Deceased. (Appeal No. 1.) — Order unanimously affirmed, without costs. Memorandum: Although personal income tax returns are not discoverable until a strong showing of necessity is made, the referee appointed to supervise disclosure should have the power to order the production of tax returns should such a showing develop during the course of discovery. He has not yet required production of the income tax returns and we do not anticipate that he will exercise his broad powers, under CPLR 3104 (subd [c]) in violation of established legal principles. We note, also, that the referee has the authority to maintain the privacy of immaterial portions of the returns (see *Krauss v Putterman,* 50 AD2d 599). (Appeal from order of Monroe County Surrogate's Court, Telesca, S. — estate — production of records.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of HANNAH GLAZER, Deceased. (Appeal No. 2.) — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: SCPA 1915 (subd 3) provides that if any purchaser of real property has credit on his bid by reason of a legacy under a will, "no deed shall be delivered to him until the judicial settlement of the accounts of the fiduciary and not until he shall have paid the entire amount required". The order of the Surrogate is modified, therefore, to authorize the

temporary executor to enter into an agreement of sale with Jerome Glazer, Jerome to have the right to immediate possession with delivery of the deed to take place upon judicial settlement and payment of the purchase price in full. (Appeal from order of Monroe County Surrogate's Court, Telesca, S. — estate — sale of property.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.